F. J. EGNER & SON, INC., APPLICATION OF, IN RE.

[Cite as In re F. J. Egner & Son, Inc., 13 Ohio Misc. 288.]

(No. 34392—Decided April 13, 1967.)

Public Utilities Commission of Ohio.

*Mr. Taylor C. Burneson*, for applicant.
Protestants—None.

NATURE OF THE APPLICATION:

The applicant presently has authority for the transportation of numerous commodities in tank vehicles from

and to numerous points in the state of Ohio. The present application is seeking authority to transport "asphalt pavement surface sealer compound, in bulk, in tank vehicles, over irregular routes, from and to all points in Wayne County, Ohio."

SUMMARY OF THE EVIDENCE:

*Mr. Robert L. Yates*, Traffic Manager of the applicant, appeared and testified that his company is the holder of Certificate No. 7375-I which authorizes the transportation of numerous commodities in tank vehicles. The company's principal business is the transportation of petroleum and other liquids in bulk, in tank vehicles, and its principal office is located at West Richfield, Ohio. Terminals are located at West Richfield, Canton, and Galion, Ohio. Cleaning facilities are located at these three terminals as well as Hamilton and Toledo, Ohio. Attached to the application as Applicant's Exhibit No. 9 was a list of equipment indicating that F. J. Egner and Son, Inc., operates a total of 153 tractors, 163 semi-trailers and 34 four-wheel trailers.

The witness stated that the proposed commodity is a bulk liquid loaded at the top and unloaded from the bottom by means of a pump. The commodity can be transported in ordinary steel, aluminum, or stainless steel trailers. No insulation is required and ordinary cleaning after transporting other commodities would be necessary. After the commodity is transported the tank would have to be flushed with water before other commodities could be handled in the same vehicle.

*Mr. Richard R. Benson*, Vice-President of Cosmicoat, Inc., appeared and testified on behalf of the applicant that his company is located near Wooster, Wayne County, Ohio, and manufactures coal tar pitch emulsion which is used for sealing asphalt surfaces. The commodity is manufactured from coal tar pitch, clay and water. Past transportation of the involved commodity has been done primarily in drums and pails, but the current trend is for bulk transportation in tank vehicles. The reason for the current trend toward bulk transportation is the substantial savings for customers. The savings amounts to approxi-

mately 12 cents per gallon when shipped in bulk and this could amount to approximately $480.00 per truckload.

Customers of this shipper are primarily paving contractors located throughout various parts of Ohio. Cleveland, Lorain, Akron, Youngstown, Canton, Portsmouth, Lancaster, Columbus, Toledo, Lima, Dayton and Cincinnati, Ohio, were given as representative points where customers are located. The company's production for 1966 was approximately 1,000,000 gallons and the witness estimated that approximately 40 percent, or 400,000 gallons, were shipped intrastate Ohio.

The witness further stated that his company is in a competitive business and competitors are located at Cleveland, Toledo, Cincinnati, and Columbus. Substantial shipments are delivered to job sites, and the example of 27,000 gallons being shipped to Wright-Patterson Air Force Base in 1966 was given.

The witness further stated that his company operates one tank truck of its own. They have been delivering their own bulk commodities. However, the single vehicle is uneconomical to operate because of such things as $1200 per year insurance, driver costs, tractor rental, and an employee to care for all the vehicular records. The company desires to discontinue the use of the tank vehicle.

The witness contacted various carriers such as refiners, Matlack, Chemical Leaman and Egner for service, but none had the proper authority. The witness then requested the applicant to file this application.

The witness stated that the present plant is located on leased property and their move to another location within Wayne County is anticipated. A railroad siding is necessary for inbound materials. Two sites are under consideration and the company has an option on one of them. Plans have been drawn for the proposed building, and movement is expected within two years.

DISCUSSION:

The general rule followed in an application for a certificate of public convenience and necessity imposes on the applicant the duty of showing the existence of a public need for the service proposed to be rendered, as well as a

failure of other certificated carriers, in the territory sought to be served, to render reasonably adequate service.

The issue involved herein is whether or not the facts presented sufficiently show that the public convenience and necessity requires the granting of an amended certificate for authority to transport asphalt pavement surface sealer compound, in bulk, in tank vehicles, from and to Wayne County, Ohio.

The testimony of Mr. Benson indicates that there is a trend towards transporting their commodity in bulk, in tank vehicles. A considerable savings for customers is obtained when large quantities of the sealing compound are transported in bulk. Cosmicoat, Inc., is desirous of using common carriage rather than its own truck and no common carriers with tank vehicles have the necessary authority from and to Wayne County.

The testimony of Mr. Benson further indicates the company must move their location within the next two years, but would do so within Wayne County. A need for this applicant's service has been shown, and the public convenience and necessity indicates that this application should be granted. However, the evidence also indicates that there are no producers of asphalt pavement surface sealer in Wayne County other than Cosmicoat, Inc. The grant of authority should therefore be limited from and to the plant site of Cosmicoat, Inc., in Wayne County, Ohio.

Numerous commission cases have held that the transportation of tank truck commodities is a specialized service. See cases No. 26,799; No. 23,140; No. 24,746; No. 32,755, et al. Furthermore, the Supreme Court of Ohio has stated that such specialized transportation does not require the giving of a sixty (60) day order to those carriers unable to provide such specialized service.

The commission's records indicate that no other carriers have authority to provide the type of service required and therefore no statutory sixty (60) day orders are required.

ULTIMATE FINDINGS:

(1) The application, publication thereof, and all requirements of the commission are in proper form.

(2) The commission has jurisdiction to hear and determine the issues presented.

(3) The applicant is a proper party to whom the requested authority may be granted.

(4) The applicant has shown that the public is in need of his services from and to the plant site of Cosmicoat, Inc., Wayne County, Ohio, for the transportation of asphalt pavement surface sealer compound.

(5) The public convenience and necessity would best be served by the grant of this application, and present service is inadequate.

(6) There are no carriers entitled to a sixty (60) day order.

RECOMMENDATION:

It is, therefore, recommended that the within application of F. J. Egner and Son, Inc., to amend Certificate No. 7375-I to transport asphalt pavement surface sealer compound in bulk, in tank vehicles from and to the plant site of Cosmicoat, Inc., Wayne County, Ohio, be granted, *forthwith.*

Respectfully submitted,
/s/ Gerald P. Wadkowski
Attorney Examiner